[No. 3790.]

WILLIAM H. HILL AND FREDERICK HOMER *v.* WIL-
·LIAM M. GWIN, SR., WILLIAM M. GWIN, JR., AND
E. J. COLEMAN.

POWER OF MORTGAGEE OVER MORTGAGED PROPERTY.—A mortgagee has no
power to authorize another party to enter upon the mortgaged property
and remove fixtures therefrom, and the rights of the mortgagor are not
affected by such authority given by the mortgagee.

DAMAGES FOR INJURY TO MORTGAGED PROPERTY. — If fixtures attached to
mortgaged property are severed from the realty and taken away, they
are freed from the lien of the mortgage, and the mortgagor may recover
damages; and the facts that the severance takes place by the consent and
concurrence of the mortgagee, and that he afterwards enforces his mort-
gage, and, at the sale, obtains a sheriff's deed, do not defeat the action
of the mortgagor for damages.

APPEAL from the District Court, Eleventh Judicial Dis-
trict, County of Calaveras.

The case was tried by the court without a jury.
The facts are stated in the opinion.

*R. & W. L. Hopkins and W. K. Boucher,* for the Appel-
lants.

Upon the plaintiffs' failure to redeem they ceased to be
the owners of the property in suit, and upon execution of
the sheriff's deed to Murphy, his title dated back to the
date of his mortgage, to wit, tenth day of November, A. D.
1868.

The case of *Sands* v. *Pfeifer et al.,* was affirmed in 28
Cal. 202, case of *Horn* v. *Jones.*

*Buckout* v. *Swift* (27 Cal. 434), was not a parallel case.
There the mortgage was limited to land as its sole subject-
matter by its very terms, and the action was to obtain a
decree of foreclosure, injunction, etc., and to hold the lien
upon a house which had already been severed and removed
from the mortgaged land. There was no chance to apply
the doctrine of relation in that case.

But in this case the mill was mortgaged and sold to Mur-
phy under the decree of foreclosure, and defendants con-
tend that he is the only person who can claim damages

predicated upon the value of the portion of the mill which was removed by them, and plaintiffs cannot prosecute this action for the benefit of Murphy, because defendants have a complete defense against him. They acted by his permission and license.

*G. F. & William H. Sharp and J. C. Stebbins*, for the Respondents.

That the mortgage was only a lien upon the property, and vested in the mortgagee no estate either before or after condition broken, has been decided many times in this Court. (See 9 Cal. 365; 13 Cal. 13; 16 Cal. 461; 21 Cal. 609.)

Even the mortgagee, Murphy, could not, if he had committed the acts complained of, shield himself from responding in full for the damage sustained by the plaintiffs, and could not avail himself of the testimony offered by the defendants in mitigation of damages. And it has been held by the Supreme Court of New York, that after the trespass and conversion was complete, the party injured acquires a complete right of action for such trespass and conversion. And that a subsequent sale of the property on an execution against the plaintiff in favor of the wrongdoer, will not bar the action nor reduce the damages. (17 Wend. 91; 21 Wend. 394.)

By the Court, WALLACE, C. J. :

The defendants, in the month of May, 1870, removed from a mill of the plaintiffs, called the "Quaker City Mill," certain stamps, part of a stamp battery, and a mortar block, the property of the plaintiffs, being fixtures annexed to and used in said mill, and this action was brought to recover damages for the trespass committed by the defendants upon the mill property, and for the value of the fixtures removed. At the trial the plaintiff had judgment, and this appeal is taken from the judgment and an order subsequently entered denying the defendants a new trial.

The several errors relied upon concern the exclusion of certain evidence offered by the defendants, by which they

sought to justify the entry and caption complained of. The evidence thus excluded tended to prove that in November, 1869, the plaintiffs, for the purpose of securing the payment of a certain debt, made and delivered to one Morris Murphy a mortgage of the mill, including the fixtures now in question, which were then annexed to and constituted a part of the mill property; that in the month of May, 1870, the defendants by agreement then made between themselves and Murphy entered into the said mill and removed the said fixtures therefrom, and paid said Murphy therefor the full value thereof, which sum so paid by them was subsequently applied under the directions of Murphy to the payment of certain indebtedness of the plaintiffs; that in July, 1870, in a certain judicial proceeding, to which said plaintiffs and said Murphy were parties, a decree of foreclosure was duly entered, directing the sale of the mortgaged premises; that in the month of August, 1870, a sale of said premises was made, pursuant to the decree, at which sale said Murphy was the purchaser, and that in September, 1871, no redemption having been effected in the meantime, the sheriff delivered to said Murphy a deed in the usual form.    The court below admitted the evidence for the purpose of showing *bona fides* upon the part of the defendants, and as tending to negative fraud, malice, or oppression upon their part, but excluded it as tending to justify the entry and appropriation of the fixtures by the defendants.

1. At the trial, which was had in 1872, the evidence as to whether the plaintiffs assented to the agreement between Murphy and the defendants, is admitted to have been sharply conflicting; and judgment having been given below for the plaintiffs, a finding in their favor upon that point must be implied, which finding will not be disturbed here.

2. It appears by the facts already recited that the only supposed authority or right which the defendants had to enter upon the premises, and remove the fixtures therefrom, was obtained from Murphy, who was at the time a mere mortgagee thereof. Under the rule, well settled in this State, that the title and right of possession of a mortgagor is not affected by the mere delivery of a mortgage in the

ordinary form, it is clear that the rights of the plaintiffs in this case were not in anywise affected by the agreement made between Murphy and the defendants, by which the latter were authorized to remove the fixtures in question.

3. But it is claimed by the defendants that, inasmuch as Murphy afterward obtained the title of the plaintiffs to the mortgaged premises through the foreclosure proceedings occurring subsequently to the removal of the fixtures, the antecedent agreement was thereby made effectual, and that the plaintiffs therefore cannot recover in this action. But it must be borne in mind that before the entry of the decree of foreclosure, and, of course, before the sale and delivery of the sheriff's deed thereunder, the fixtures had already been actually severed from the freehold and removed from the premises. Being already so severed, the fixtures must be taken to have been thereby freed from the lien of the mortgage, and the foreclosure was for that reason necessarily inoperative as to them. This is the rule announced here in *Buckout* v. *Swift* (27 Cal. 433). In that case, a house, situated upon the mortgaged premises, and originally bound by the lien of the mortgage, was subsequently floated off the premises into an adjacent street by the great flood of 1862, and in this condition had been sold to a third person, who had notice of all the circumstances. The action was brought to foreclose the lien of the mortgage upon the mortgaged premises and upon the house, at the time standing in the street. The court, in the course of the opinion given in that case, observed: "A building severed and removed from mortgaged lands (whether by the act of God, as in that case, or by the act of man), of which lands it formed a part when the mortgage was given, is disincumbered of the lien substantially on the same principle that a building erected upon the lands after the giving of the mortgage is subjected to the lien."

It is true that in the earlier case of *Sands* v. *Pfeiffer* (10 Cal. 258), it had been said that a deed delivered upon foreclosure of a mortgage takes effect by relation *at the date of the mortgage.* But this observation was made in a case where the fixtures, placed upon the mortgaged premises

subsequently to the delivery of the mortgage, remained actually affixed to the premises *at the time of the foreclosure and sale* to the plaintiff in that action; there was, therefore, no occasion to consider whether the lien related to the date of the mortgage, for there could be no doubt, at all events, that the deed delivered to the purchaser in that case upon foreclosure did, upon any view, vest him with the title to all fixtures which were actually remaining annexed to the mortgaged premises at the time he purchased. It may not be improper to observe, moreover, though the point was not made at the argument, that in the case at bar the severance of the fixtures in question was made with the consent and active concurrence of the mortgagee himself. In this respect it differs from the other cases, in which the effect of the severance has been considered. While, as we have seen already, Murphy could not, in his character of mortgagee, thereby affect the rights of the plaintiffs, no reason suggests itself why he could not, by a severance, voluntary on his part, waive the mortgage lien upon the fixtures so severed, and thereby estop himself from asserting the existence of the lien. If this would furnish a sufficient answer to a claim of a mortgage lien made by Murphy, and I think it would, the claim of the defendants, derived, as it is, only through him, can be no better than his, and must fail for the same reason. I think, therefore, that no error was committed in the exclusion of the evidence referred to, and that the judgment and order denying a new trial should be affirmed. So ordered.