## J. Huff Jones v. The Detroit Chair Company.

*·· Fixtures brought within a Mortgage,*

A mortgage included with the real estate the manufacturing establishment and buildings for the purpose to be erected thereon. The lessees of the factory, after putting in machinery, purchased the reversion of the land on which it stood, subject to the mortgage. *Held* that they united the title to the realty and fixtures in one person and the fixtures became subject to the mortgage.

Appeal from the Superior Court of Detroit. Submitted October 31, 1877. Decided January 9, 1878.

FORECLOSURE. Complainant appealed. The facts are shown in the opinion.

*Geo. H. Lothrop* and *G. V. N. Lothrop* (on brief) for complainant. Machinery necessary to the equipment and operation of a foundry, mill, machine shop or factory, and connected with its permanent motive power, is a fixture (*Voorhis v. Freeman*, 2 W. & S., 116; *Pyle v. Pennock*, id., 390; *Christian v. Dripps*, 28 Penn. St., 271; *Wadleigh v. Janvrin*, 41 N. H., 503; *Burnside v. Twitchell*, 43 N. H., 390; *Farrar v. Stackpole*, 6 Greenl., 157; *Parsons v. Copeland*, 38 Me., 537; *Tabor v. Robinson*, 36 Barb., 483; *Walker v. Sherman*, 20 Wend, 653; *Snedeker v. Warring*, 12 N. Y., 170; *Walmsley v. Milne*, 7 J. Scott, N. S., 130; *Longbottom v. Berry*, L. R., 5 Q. B., 123); so is rolling stock (*Pennock v. Coe*, 23 How., 117; *Minn. Co. v. St. Paul Co.*, 2 Wall., 609; *Pierce v. Emery*, 32 N. H., 484; *Titus v. Mabee*, 25 Ill., 257) and generally, where the machinery is put in by the owner of the building with intent to make it a permanent part of it (*Capen v. Peckham*, 35 Conn., 94; *Hill v. Sewald*, 53 Penn. St., 271; *Bishop v. Bishop*, 11 N. Y., 123; *Murdock v. Gifford*, 18 N. Y., 31; *Potter v. Cromwell*, 40 N. Y., 287; *Voorhees v. McGinnis*, 48 N. Y.. 282; *Tifft v. Horton*, 53 N. Y., 377; *Wood v. Hewett*, 8 Q. B., 913; *Climie v. Wood,*

3 L. R. Exch., 260; 4 L. R. Exch., 327); and it is covered by a mortgage on the building (*Hoskin v. Woodward*, 45 Penn. St., 42; *Potts v. N. J. Arms Co.*, 17 N. J. Eq., 404; *Lathrop v. Blake*, 23 N. H., 65; *Teaff v. Hewitt*, 1 Ohio St., 536) whether annexed before or after the mortgage was given, *Amer. Cigar Co. v. Foster*, 36 Mich., 368; Ewell on Fixtures, 282 and cases.

*D. C. Holbrook* (on brief) for defendant. Where the building and the machinery in it are not held by the same title, the machinery is not a fixture. *Adams v. Lee*, 31 Mich., 440.

MARSTON, J. Admitting, as claimed by defendant, that machinery put into a building by a tenant would not be subject to or affected by a real estate mortgage previously given by the lessor, yet this case as it now stands would not come within that rule. The mortgage in question describes the real estate, "together with the chair manufacturing establishment and buildings for the purpose to be erected thereon." At the time this mortgage was given the erection of buildings and putting machinery therein for such manufacturing purposes was contemplated and the loan was made to assist in accomplishing such purpose. The form of the mortgage shows that the parties intended it to cover the buildings afterwards to be erected and the machinery that should be placed therein, as such machinery was necessary and essential to carry out the primary and leading purpose of a "chair manufacturing establishment."

This, however, could not affect the rights of lessees of the premises, subsequently placing machinery in the buildings to enable them to carry on the chair manufacturing business. *Crippen v. Morrison*, 13 Mich., 23.

In this case the lessees, after putting in the machinery, purchased the reversion *subject to the mortgage*. They thereby united the title to the realty and fixtures in one and the same person. Upon the happening of this event

the fixtures at once became subject to the terms of the mortgage, which by its terms had been made broad enough to cover them. 'As bearing upon this question see *Cullwick v. Swindell*, 3 L. R. Eq., 249; *Frankland et al. v. Moulton*, 5 Wis., 1, 6; *Preston v. Briggs*, 16 Vt., 124.

The decree was correct and must be affirmed with costs.

The other·Justices concurred.