80  245
91  379
80  245
126  569
f126 605

[No. 11609.   Department Two. — August 31, 1889.]

## SAMUEL LAVENSON, RESPONDENT, v. THE STANDARD SOAP COMPANY ET AL., APPELLANTS.

MORTGAGE — IMPAIRMENT OF SECURITY — REMOVAL OF FIXTURES — ACTION FOR DAMAGES — PLEADING. — An action for damages will lie in favor of a mortgagee whose security is impaired by the removal of fixtures permanently attached to the realty, against the person or persons removing the same; and a complaint against the mortgagor and another defendant claiming to be a purchaser of the fixtures, alleging that they removed such fixtures well knowing that they would thereby impair and render insufficient plaintiff's security, and that it was thereby rendered insufficient, that the mortgagor is insolvent, and that after foreclosure of the mortgage, an unsatisfied personal judgment remains for a deficiency; states a cause of action.

ID. — CONCURRENT REMEDIES. — The mortgagee has concurrent remedies by an action at law for damages, or by a suit in equity to restrain threatened waste, whereby the mortgage security is impaired.

FIXTURES — APPLIANCES OF SOAP FACTORY. — A gun-metal digester, soap-kettles, boiler, and candle-machines, which are appliances of a permanent character, put into and attached to a building with the intention of using them for the making of soap and candles, for which purpose the premises were used, are fixtures, and form part of the realty, which pass with a grant of the real property and become subject to the lien of a mortgage, and do not pass by a bill of sale of the machinery and other personal property on the premises.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Daniel Titus*, and *Mastick, Belcher & Mastick.* for Appellants.

*T. C. Coogan*, and *Freeman, Johnson & Bates*, for Respondent.

GIBSON, C. — Action on the case for damages suffered by the impairment of a mortgage security. Judgment for plaintiff, from which, and an order denying a new trial, defendants appeal.

The complaint shows that the plaintiff had from the

Mege Pacific Commercial Company, one of the defendants, a properly executed and recorded mortgage upon the realty therein described; that the other defendant, knowing this fact, with the said mortgagor, dug up, detached, and removed certain fixtures, permanently attached to the realty, well knowing that such severance and removal would impair and render insufficient plaintiff's security, and by such acts it was rendered insufficient; that said mortgagor was at the time insolvent, and has since so remained; that thereafter plaintiff foreclosed his mortgage and failed to realize sufficient to satisfy his claim; that a personal judgment for the deficiency was entered and remains unsatisfied. These facts are amply sufficient to constitute a cause of action, and the demurrers were properly overruled.

Section 2929 of the Civil Code provides that "no person whose interest is subject to the lien of a mortgage may do any act which will substantially impair the mortgagee's security." The converse of this rule was declared in *Hill* v. *Gwin*, 51 Cal. 47, in which it was held that a mortgagor was answerable in damages for the removal, prior to foreclosure, of fixtures attached to the mortgaged property.

"In New York, the mortgagee may have an action on the case against the mortgagor for injury to the mortgage security." (2 Washburn on Real Property, 14, and the leading case of *Van Pelt* v. *McGraw*, 4 N. Y. 110, there cited.) That case was approved by this court in support of the same principle, in the case of *Robinson* v. *Russell*, 24 Cal. 467.

The latter case was a suit by a mortgagee in possession for an injunction to restrain the defendants from removing from the premises mortgaged certain trees and vines, and a steam-engine and pump erected to irrigate the land, and to prevent one of the defendants from paying over to his co-defendants certain money in his hands representing fruit sold from the premises. It was found

by the trial court that the defendants had not removed, and did not intend removing, from the premises anything beside the growing fruit, nursery trees and vines, which had been attached by the sheriff at the suit of some of the defendants. Defendants had judgment, which was affirmed, for the reason that the injuries resulting from such acts were not irreparable, and it did not appear but what adequate damages for the trespass could be recovered against the defendants, as it was not shown that they were insolvent. The court said: "There can be no doubt but what an action can be maintained by the mortgagee for injuries of the character set forth in the complaint in this case, when it appears that by the acts complained of the mortgaged security is impaired. This is clearly shown in *Yates* v. *Joyce,* 11 Johns. 136, *Lane* v. *Hitchcock,* 14 Johns. 213, and *Gardner* v. *Heartt,* 3 Denio, 232, cited by appellants' counsel, and more fully in *Van Pelt* v. *McGraw,* 4 N. Y. 110. But all those were actions on the case for the wrongful and fraudulent injury committed upon the premises, whereby the mortgagee's security was impaired. There can be as little doubt that the mortgagee may, by injunction, stay the commission of waste upon the mortgaged premises, when he makes a proper case in equity, and shows that the threatened acts will materially impair the value of the property subject to the lien, so as to render it inadequate security for the mortgage debt."

Thus it appears that the mortgagee has concurrent remedies by an action at law for damages, or by suit in equity for an injunction to prevent threatened damages. This seems reasonable under a system like ours, where nothing but a lien passes to the mortgagee, which would not enable him to maintain replevin for fixtures severed from the freehold, as could be done at common law, where the legal title passed to the mortgagee.

The removal of the fixtures complained of in this case deprived the mortgagee of his lien thereon (*Buckout* v.

*Swift*, 27 Cal. 433; 87 Am. Dec. 90), and before he could resort to other property of the mortgagor it was incumbent upon him to exhaust his mortgage security. (Code Civ. Proc., sec. 726; *Ould* v. *Stoddard*, 54 Cal. 613; *Bartlett* v. *Cottle*, 63 Cal. 366; *Mascarel* v. *Raffour*, 51 Cal. 242.) This he did do, and found it insufficient, by reason of the wrongful removal of some of the fixtures, and his personal judgment against the mortgagor of little worth, on account of its insolvency.

The findings substantially show that on and prior to the twentieth day of November, 1882, the plaintiff was the owner of certain real property in South San Francisco, with the building thereon and certain machinery and fixtures therein, viz.: One gun-metal digester, two soap-kettles, one high-pressure boiler, and thirteen candle-machines, each and all of which were permanently affixed to the realty, and formed a part thereof.

There were on that date certain other fixtures in the building that had been detached and severed therefrom, and which were not included in or subject to the mortgage executed on the same date, and hereinafter mentioned. All of these appliances were adapted to the manufacture of soap and candles, and were by the plaintiff put in and together with the premises were used by him for such purpose. On the twenty-second day of August, 1882, he leased the premises to one Easterbrook for ninety days from said date, with the knowledge that the lessee intended to manufacture oleomargarine and stearine on the premises, if the lessee should determine that such business could be conducted at a profit, in which event he, the lessee, intended to form a corporation to carry on such business on the premises, and place thereon machinery suitable for the purpose. Thereafter, the defendant corporation, the Mege Pacific Commercial Company, was formed, and on the 20th of November, 1882, purchased the premises and fixtures of the plaintiff for the sum of twenty-five thousand dol-

lars, of which sum it paid ten thousand dollars, and gave its promissory note for the remainder, and on the same date, to secure the payment of the note, executed and delivered to plaintiff a mortgage on the same premises. This mortgage was on the twenty-third day of the same month duly recorded. After the execution of the mortgage, Easterbrook and the mortgagor, at an expense of about $9,386.86, placed on the property certain machinery and appliances, only adapted for manufacturing oleomargarine and stearine, which on the suspension of the business became and remained useless, and did not add anything to the salable value of the mortgaged premises. None of these appliances so put in by the mortgagor were intended to be or were received by the plaintiff as security for the promissory note in place of the fixtures which were covered by the mortgage.

Prior to the thirteenth day of April, 1884, the mortgagor became insolvent, and finding its business unprofitable, suspended the same permanently, and about said date sold to its co-defendant, the Standard Soap Company, the gun-metal digester, two soap-kettles, one high-pressure boiler and mountings, and thirteen candle-machines, together with other fixtures not attached to nor a part of the realty, nor subject to the mortgage lien. The Standard Soap Company thereupon dug up, detached, and removed from the premises, without the consent of plaintiff, the said digester, soap-kettles, boiler, and candle-machines.

These articles at the time of their removal were of the aggregate value of $4,950, to which extent plaintiff's mortgage security was permanently decreased by such removal. Both defendants knew at the time of the removal that the articles were subject to the mortgage lien, and that the removal of them would impair and render insufficient the mortgage security of plaintiff, which prior and up to the time of the removal was of the value of twenty-five thousand dollars.

Plaintiff, after the removal of the articles, foreclosed his mortgage, and caused the property to be sold on execution, and the proceeds realized therefrom failed to the extent of $9,947.50 to satisfy his claim. For this deficiency a personal judgment was entered against the Mege Pacific Commercial Company, which still remains insolvent.

The principal question raised by the appellant is, whether the articles, for the value of which the court below gave judgment, were affixed to the reality and were covered by the mortgage lien.

Real property, as defined by the Civil Code, section 658, is land and that which is affixed thereto; and "a thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws." (Civ. Code, sec. 660.)

In order to determine whether a thing is a fixture or not, we must look at the manner in which it is annexed, the intention of the person who made the annexation, and the purpose for which the premises are used. (*Fratt v. Whittier*, 58 Cal. 126; 41 Am. Rep. 251; Jones on Mortgages, secs. 429, 444.)

The fixtures here consisted of a digester made of gun-metal, two soap-kettles, one high-pressure boiler, and thirteen candle-machines. The digester was twenty feet long and forty inches in diameter. It was four or five feet under the ground below the basement floor, and extended up through this floor and about three feet above the next floor. There was a brick wall four inches thick surrounding it, and extending up to the second floor. The digester contained a pump, and was connected by steam-pipes with the high-pressure boiler. The soap-kettles were large, each having a capacity of fifty thou-

sand pounds.   They were attached to heavy brick walls, extending about five feet above the basement floor by sheet-iron bolted thereto, and were also connected by steam-pipes with the boiler.   The high-pressue boiler was sixteen feet long and three feet in diameter, and was connected with two other boilers by a brick wall and steam-pipes and a heavy cast-iron front-piece.   It rested on a brick foundation, and was all inclosed, except the front, with brick walls, which formed a nest.   The sides of this nest were bolted together with iron bolts three fourths of an inch in diameter, extending through from one side to the other, and were fastened with nuts.   On one side they ran through the timbers that supported the building, and on the other side through iron braces. The candle-machines were on the third floor of the building, and were nailed to scantlings, which were in turn fastened to the floor.   They contained perforated steam-pipes, and were attached to the boilers by steam-pipes.   All these appliances were of a permanent character, and were put into and attached to the building by the plaintiff with the intention of using them for the making of soap and candles, for which purpose the premises were used and solely appropriated by him prior to his lease thereof to Easterbrook, and the subsequent transfer of the property, in November of the same year, to the Mege Pacific Commercial Company.

Thus it is clear, considering the character of the appliances, the manner in and the intention with which they were affixed to the land and building, and their necessity for the uses to which the premises were devoted, that they were fixtures and formed part of the realty within the meaning of the provisions of the Civil Code.   And as the court has found, upon evidence that is not without conflict, that they were all in position and undetached at the time the mortgage was executed, we cannot disturb the finding.

The mortgage contains this clause: "All boilers, en-

gines, and fixed machinery shall be deemed to be included in said property." As the fixtures in dispute were part of the realty, they passed with the grant of the property to the Mege Pacific Commercial Company and became subject to the lien of the mortgage that was given back to plaintiff, which created "a lien upon everything that would pass by a grant of the property." (Civ. Code, sec. 2926.) Therefore the words quoted, in the absence of evidence *aliunde*, cannot be construed to restrict the operation of the mortgage to the land and building alone. (*Allen* v. *Woodward*, 125 Mass. 250; 28 Am. Rep. 250.)

There was a bill of sale of "all the machinery, boilers, pipes, shafting, belting, candle-molds, presses, wheels, pulleys, barrels, tubs, tallow, and any and all other personal property" on the premises, given to the Mege Pacific Commercial Company with the deed of the premises. This, together with certain parol evidence, was adduced by defendants to show that, at the time the sale of the premises and fixtures was consummated, all the parties thereto understood all the appliances on the premises, whether detached or not, to be personal property, and that the bill of sale was given as evidence of the sale thereof, and the mortgage, being a mortgage of real property, was not intended to and did not include them. But the trial court, in finding that the articles for which damages were awarded were part and parcel of the realty, and were covered by the mortgage, which finding, as before remarked, cannot be disturbed, must have concluded that the bill of sale, if it had any operation at all, transferred only the fixtures that at the time were severed from the premises, and that the deed carried the undetached fixtures as part of the realty.

Looking at the entire record, we perceive no error, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.