[No. 13109.    In Bank. — September 13, 1889.]

HENRY SILVESTER ET AL., RESPONDENTS, v. COE QUARTZ MINE COMPANY, APPELLANT.

MECHANICS' LIEN — MATERIAL-MAN — LIEN ON MINING CLAIM. — Under section 1183 of the Code of Civil Procedure, a material-man who furnishes materials to be used, and which are used, in repairing the improvements on a mining claim, is entitled to a lien upon the claim as a whole, and is not limited to the separate structures on which the repairs were made.

ID. — ENTIRE CONTRACT EMBRACING SEVERAL ITEMS — TIME FOR FILING NOTICE OF LIEN. — Where the contract for making several items of repair is entire, the notice of lien of a material-man given within thirty days after the completion of the whole work is in time.

ID. — FILING, RECORDING, AND VERIFICATION OF NOTICE OF LIEN. — The sufficiency of the evidence to show the filing, recording, and verification of the notice of lien will not be questioned on appeal, when the statement of the case, after setting out the notice, recites that it was duly sworn to, and shows an indorsement by the recorder of its recordation.

ID. — MATERIALS MUST ACTUALLY BE USED IN BUILDING. — In order to entitle a material-man to a lien, as against the owner, for materials furnished a contractor, the materials must not only have been furnished to be used in the structure to be erected, but must also have been used therein.

ID. — NOTICE REPUDIATING LIABILITY — POSTING IN INCONSPICUOUS PLACE. — Conceding that a mine-owner might relieve himself from liability for materials furnished a contractor by properly posting a notice repudiating his liability, a notice not posted in a conspicuous place, as required by the statute, will not have that effect as against a material-man without actual knowledge of the posting of the notice.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles W. Kitts,* for Appellant.

*A. & E. J. Burrows,* for Respondents.

WORKS, J.—This action was brought by three plain-tiffs, jointly, to foreclose their separate material-men's liens on the mining claim of the defendant for materials furnished for repairs on said claim.   The work on the mining property was done by a contractor, who was to erect hydraulic-power hoisting-works and pumping-works building, gallows-frame and track, lay down a water-pipe to supply water to the mine, and to pump out the mine to the third level.   There was but one contract to do all of the work named for a certain number of the shares of stock of the company, and the contract was not recorded.

The evidence shows that the materials sold by the plaintiffs were sold to be used in the repairs of said mine, and, with the exception hereinafter mentioned, were used therein, some being used in one of the im-provements mentioned and some in another.

The court finds, generally, that the materials "were used in and on said premises in the alterations thereof."

The appellant contends that the statute does not give to material-men liens upon mining claims, but only "upon each separate structure and convenient space around the same, and not for materials supplied and used generally for the alteration and repair of a mining claim," and upon this basis it is argued that the notices of the liens being against the *mine,* and not the struc-tures erected in repairing the same, they were invalid; and further, that as some of the structures were com-pleted more than thirty days before the notices were filed for record, they were inoperative.

We cannot concur in this view.

The lien given by the statute is upon the mining

claim as a whole, and not upon the separate pieces of work done in its repair. (Code Civ. Proc., sec. 1183.) The mine is a structure within the meaning of the statute. (*Helm* v. *Chapman*, 66 Cal. 291.) The work done in this case became and was a part of the mining claim, and the whole claim, including the added improvements, was subject to the lien. (Civ. Code, sec. 661.) Therefore, the notice of lien, as against the mining claim, was valid, and the contract for the several items of improvement being entire, the notice given within thirty days after the completion of the whole work was in time.

It is objected that the findings were not sufficiently full on some of the issues, but we regard them as sufficient.

It is claimed that the court erred in admitting the several notices of liens in evidence, for the reason, as stated above, that no such lien was given by statute, and for the reasons that they were not shown to have been filed in the recorder's office, recorded, or verified.

The first of these objections we have answered. As to the others the record contains the notices of the several liens, with the names of the claimants in each attached, and substantially the following, immediately after the signature as it appears in the transcript:—

"*Duly sworn to.*

"[Indorsed] Recorded at request of Peter Johnston, September 5, 1887, in book 4 of Liens, pages 443, 444, Records Nevada County, California.

"John A. Rapp, Recorder."

We are bound by the recital in the statement that the notices of liens were duly sworn to, and the recorder's indorsement on the paper is *prima facie* evidence at least of their filing and the date of their recording, which fully answers the other objections made to their introduction in evidence.

Objections are made to some of the rulings of the court

on questions of evidence, and the findings are criticised, but these objections are unfounded. The findings were sustained by the evidence, except as to a part of the claim of the plaintiff Johnston. It appears that certain track-iron furnished by Johnston to the contractor to be used in repairing the mine was not used in such repairs. It is not enough, in an action against the owner of the property for material furnished a contractor, to show that such material was sold *to be* used in the structure to be erected. It must appear that it *was used* therein. As to this item of material, therefore, Johnston was not entitled to recover. The amount of this material is stated in the briefs to have been $62.27. If this be the correct amount, and no further evidence is offered on the point, the court below will modify its findings and judgment accordingly; but if the amount is not certainly fixed by the evidence, the court may take further evidence, if it be necessary, to ascertain the exact value of the material not used, and make the necessary modification.

It is claimed by the appellant that it was relieved from liability by the posting of a notice that it would not be responsible for materials furnished the contractors, but conceding that such a notice, properly posted, would prevent the attachment of the lien, the court below found upon sufficient evidence that the plaintiffs had no actual knowledge that such a notice had been posted, and that it was not posted in a conspicuous place, as required by the statute, which meets this point.

There is no error appearing in the record except the one stated above.

The judgment and order appealed from are affirmed as to all of the respondents except Johnston, and as to him the court below is instructed to modify the judgment as above indicated, unless the parties, or either of them, desire to offer additional evidence on the one question, whether the material named was actually used in

the repairs of the mining claim, or if not used, as to its value, and modify the judgment in accordance with the facts proved.

Beatty, C. J., Fox, J., Thornton, J., Paterson, J., Sharpstein, J., and McFarland, J., concurred.