### ROWLAND *v.* SWORTS.

*(Supreme Court, General Term, Fifth Department.. January 22, 1892.)*

MORTGAGES—RIGHTS OF MORTGAGEE—ERECTIONS.

    The fact that a house erected on mortgaged premises rests on posts, instead of masonry, does not give the builder a right, as against the mortgagee, to remove such house, on the failure of the owner of the premises to pay for the labor and material used, where, at the time of its erection, there was no agreement to that effect between the parties.

Appeal from circuit court, Yates county.

Action by Almira Rowland against C. R. Sworts for conversion. From an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*M. J. Sunderlin,* for appellant. *M. A. Ledry,* for respondent.

MACOMBER, J. This action was brought to recover the damages sustained by the plaintiff for the unlawful removal and conversion by the defendant of a house standing on the premises of one Wainwright, upon which lands the

plaintiff held a mortgage of a date prior to the erection of the building. The plaintiff conveyed the lands upon which the house was situated to Wainwright, August 30, 1889, for the sum of $900. On the same day the purchaser executed and delivered to the seller a mortgage in the sum of $1,554.17, payable in installments of $100 annually through a period of 14 years, and the balance in one other payment, together with interest payable annually upon all sums unpaid. The amount of the excess of the mortgage over the purchase price of the premises is accounted for upon the ground of a loan made to the purchaser by the plaintiff. The defendant, under a contract made between him and Wainwright, erected a building upon these lands, and placed it upon posts, rather than upon mason-work. It is now claimed that this was done under an agreement between him and Wainwright, by which the defendant should retain the ownership of the building, together with the right to remove it whenever he saw fit, until he should be fully paid for it by Wainwright. This was the principal question at the trial, and was purely one of fact. After the removal of the house by the defendant, the plaintiff elected, under an option clause contained in the mortgage, that the whole of the mortgage debt should become due, whereupon the mortgage was foreclosed, and the property sold, and bid in by her at the sale, leaving a deficiency. The verdict of the jury in favor of the plaintiff upon the issue relating to the agreement and intention of the parties is sustained by a clear preponderance of evidence, and by the proper deduction made therefrom. In removing the building, it appears that the defendant and Wainwright acted upon the erroneous assumption that, inasmuch as the building rested upon posts, it was competent for the defendant to remove it at any time, irrespective of any antecedent agreement between the parties. Such, however, is not the rule of law. The real question in the case, which was submitted to the jury very properly by the learned justice at the trial, was whether, at the time of the erection of it, the then owner of the premises, Wainwright, and the defendant, intended that in case of non-payment by Wainwright of the materials used, and the labor, the defendant should have the right to remove the building. Upon this issue the verdict was against the defendant. Had the defendant, in the absence of an agreement of that nature, purposed to maintain a lien upon the property, his remedy was under the mechanic's lien law, and not through the means adopted by him in this instance for the summary removal of the house from the mortgaged premises. The order denying the defendant's motion for a new trial was properly made, and should be affirmed. Order appealed from affirmed, with costs. All concur.