## ROWLAND v. SPRAULS.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. TROVER AND CONVERSION—WHO MAY SUE—MORTGAGEES.
    A mortgagee cannot maintain trover for fixtures severed and removed from the mortgaged premises prior to the foreclosure.

2. PLEADING—AMENDMENT BY APPELLATE COURT.
    Where a complaint omits a necessary allegation, but the course of the trial is the same as if such allegation had not been omitted, so that defendant was neither misled nor prejudiced by the omission, the complaint may, on appeal, be amended by the appellate court, and will not be remanded to the trial court for the purpose of amendment.

Appeal from special term, Monroe county.

Action by Almira Rowland against Daniel Sprauls for injury to mortgage security. From an order denying a motion for a new trial upon a case and exceptions, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

M. G. Sunderlin, for appellant.
M. A. Leary, for respondent.

LEWIS, J. It is difficult to determine whether the cause of action stated in the complaint is in trover for the conversion of the property, which the defendant detached from the sawmill building, and removed from the premises covered by the plaintiff's mortgage, or whether it is for an injury to the plaintiff's mortgage security. The course of the trial, and especially the charge to the jury, would indicate that the action was for conversion. The only claim the plaintiff had upon the property at the time it was removed arose out of the lien of her mortgage upon the premises on which the sawmill with its fixtures was situated. The fixtures were detached and removed prior to the foreclosure of the mortgage; in fact, before it fell due. The plaintiff, therefore, had no such title to the fixtures as entitled her to maintain an action for their conversion. Buckout v. Swift, 27 Cal. 433; Hill v. Gwin, 51 Cal. 47; Hamilton v. Austin, 36 Hun, 143. This point is not raised by the appellant's counsel. Their contention is that the action is to recover dam-

ages for an injury to plaintiff's security. They contend that there is proof that a bond accompanied the mortgage, and that the plaintiff's complaint failed to allege the insolvency of the mortgagor, and that such allegation is indispensable to the plaintiff's right to recover. No bond was produced at the trial. The only proof there was of the existence of a bond was the following recital in the mortgage: "According to the conditions of a bond this day executed and delivered by the party of the first part to the said party of the second part." If we assume that this recital was evidence in this action between these parties that a bond was given, the evidence, which was admitted without objection, abundantly established the insolvency of the mortgagor. The complaint could have been amended by the trial court, if an amendment was necessary, for it would not in any respect have changed the nature of the action. It is not necessary that the case be sent back for the purpose of amending the complaint. That may be done by the appellate court. The course of the trial was the same as if the complaint had contained the needed allegation, so that the defendant was neither misled nor prejudiced by the omission. The case of the plaintiff, Rowland, against Sworts, (17 N. Y. Supp. 399,) decided by this court in January, 1892, involved similar questions to those presented by this appeal. Mrs. Rowland there sued to recover damages for the removal of the sawmill building from the same premises covered by her mortgage. The pleadings in that action were like the pleadings here. She had a verdict, which, upon appeal, was sustained by this court.

The order appealed from should be affirmed, with costs. All concur.