[L. A. No. 1063.    Department One.—October 29, 1903.]

## STIMSON MILL COMPANY, Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

MECHANIC'S LIEN—CONSTRUCTION OF BRIDGE—USE OF MATERIALS IN TEMPORARY STRUCTURE—PROPERTY OF CONTRACTORS—PROVISION IN CONTRACT.—Materialmen cannot enforce a lien upon a completed bridge for materials which were not furnished to be used, and were not actually used, in the bridge as contracted for and completed, but were furnished and used only in the erection of a temporary structure which formed no part of the completed bridge, but which the contractors were permitted by the contract to provide for temporary support of track, rails, and cars, to prevent damages for delay under the terms of the contract until permanent steel support should be furnished as contracted for, which temporary structure remained the property of the contractors, and was properly removed by them when the bridge was completed.

ID.—USE OF TEMPORARY STRUCTURE—ACCEPTANCE—VOID CONTRACT—EVIDENCE OF CONSTRUCTION.—The use by the defendant of the temporary structure for the running of trains did not, under the circumstances of the case, furnish any evidence of the acceptance of the bridge as completed; nor was its occupation by it under a void contract conclusive evidence of construction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. F. Fitzgerald, Judge.

The facts are stated in the opinion.

E. E. Millikin, for Appellant.

Percy R. Wilson, for Respondent.

SMITH, C.—This suit was brought to foreclose a lien for materials furnished by plaintiff in the construction of defendant's bridge over the Los Angeles River in the city of Los Angeles. The plaintiff had judgment, from which and from an order denying its motion for a new trial the defendant appeals. The bridge was constructed under an unrecorded contract with Sawyer and Arthur, partners, by the terms of which it was to consist of five steel spans and the balance of

wood and steel, or of wood. By the terms of the contract it was to be completed November 9, 1898; and it was stipulated that for delay in completion the contractors should pay, while the bridge remained uncompleted, fifty dollars per day for ten days, and thereafter one hundred dollars. But it was provided "That from and after the day that said contractors allow said party of the first part to run cars over said bridge, . . . whether over the completed structure or a temporary structure which said contractors may provide, . . . no damages shall be awarded hereunder; but that for the purposes of ascertaining said liquidated damages said structure shall be considered as completed."

The bridge was completed, with the exception of the five steel spans, some time prior to the 15th of November; when it was ascertained that the steel for the uncompleted part could not be obtained in time to complete the bridge within the time stipulated. Thereupon, at the suggestion of the manager of defendant, the contractors undertook to put up, before the 30th of November or 1st of December, a temporary structure of timber over which the cars could be run on that date; and this was accordingly done. This structure rested upon planks laid on the ground, and was not in any way physically connected with the bridge, except that on it was laid the permanent track consisting of stringers, ties, and rails. The structure was soon afterwards replaced by the steel structure originally contemplated—the work of substitution commencing immediately upon the completion of the temporary structure, and its effect being to leave the track supported by the new steel structure in place of the wooden structure removed. It is admitted that the plaintiff furnished the contractors lumber of the aggregate value of something over five thousand dollars, and it is found by the court that this was used in the construction of the bridge. But it appears from the evidence that a part of the lumber went into the temporary structure and was afterwards carried away by the contractors; and it is claimed by the defendant that the plaintiff's claim should be reduced by this amount. The court below held the contrary, refusing to allow the defendant to show the amount and value of the lumber used in the temporary structure, and whether in this the

court erred is the only question in the case that will require consideration.

The contention of the appellant on this point must, we think, be sustained. It is settled by many decisions in this state that to entitle a materialman to a lien under section 1183 of the Code of Civil Procedure the materials must be furnished to be used, and must actually be used, in the construction of the building or other structure against which the lien is sought to be enforced (*Houghton* v. *Blake,* 5 Cal. 240; *Patent Brick Co.* v. *Moore,* 75 Cal. 211; *Silvester* v. *Coe Quartz Min. Co.,* 80 Cal. 513; *Bewick* v. *Muir,* 83 Cal. 373; *Hamilton* v. *Delhi Min. Co.,* 118 Cal. 153, 154; *Roebling's Sons Co.* v. *Bear Valley Irr. Co.,* 99 Cal. 488) ; and this we understand means that the materials must be used, not merely in the process of construction, but "in the structure,"—that is to say, they must be used as the materials of which it is constructed. (*Hamilton* v. *Delhi Min. Co.,* 118 Cal. 153; *Silvester* v. *Coe Quartz Min. Co.,* 80 Cal. 513; *Gordon Hardware Co.* v. *San Francisco etc. R. R. Co.,* 86 Cal. 620.)

The case, we think, comes clearly within the application of this principle. The temporary structure was put in merely for the purpose of supporting the track until the steel necessary for its permanent support could be obtained. This was done by the contractors on their own account, under the provision of the contract authorizing them, as a means of avoiding liability for the heavy damages stipulated for delay in completion of the work, to do so. The temporary structure was therefore not a part of the bridge, either as contracted for or as actually completed; but it remained the property of the contractors, who were entitled to remove it. Hence neither the contractors, nor the plaintiff as furnisher of the materials for it became entitled to a lien.

Nor, as is claimed by the respondent's counsel, did the use of the temporary structure by the defendant, under the circumstances of this case furnish any evidence of its acceptance of the bridge as completed. Nor, is it true, that the "occupation of a structure under a void contract is conclusive upon the question of construction." It is not so held in *Joost* v. *Sullivan,* 111 Cal. 286 (cited by counsel), or in the case therein cited (*Giant Powder Co.* v. *San Diego Flume Co.,*

78 Cal. 196). Nor is the law now the same as when those cases were decided. (Code Civ. Proc., sec. 1187.)

We advise that the judgment and order appealed from be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Shaw, J., Angellotti, J., Van Dyke, J.