[Civ. No. 1360.    First Appellate District.—July 10, 1914.]

HOGAN LUMBER COMPANY (a Corporation), Appellant,
v. CITY OF OAKLAND (a Municipal Corporation),
Respondent.

FIXTURES—TEMPORARY WHARF USED TO FACILITATE CONSTRUCTION OF
QUAY WALL.—A wharf built upon piles driven into the ground on
the land side of a quay wall along a city water front and used to
pass materials over and facilitate the construction of the quay and
intended to be removed when the quay is finished, is not a fixture,
but personal property, and upon the insolvency of the contractor and
his abandonment of the work the materials in the wharf do not
become the property of the city under sections 1196 and 1200 of the
Code of Civil Procedure.

ID.—TEST FOR DETERMINING WHETHER OR NOT STRUCTURE IS FIXTURE.—
Whether a structure is a fixture or not depends upon the nature or
character of the act by which it was erected, and the purpose for
which it was intended to be used.

ID.—MATERIALS AS PROPERTY OF OWNER OF STRUCTURE—SECTIONS 1196
AND 1200 OF THE CODE OF CIVIL PROCEDURE.—Sections 1196 and
1200 (*since repealed*) of the Code of Civil Procedure apply, and
make materials furnished the property of the owner of the structure
when they are to become part of the structure, but where they are
not to be used in and incorporated into the structure to be built,
they cannot be said to belong to the owner.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order refusing a new trial.
N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Stetson & Koford, for Appellant.

Ben F. Woolner, and Chas. A. Beardsley, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment and
from an order denying a motion for a new trial in an action
of claim and delivery.

Very briefly the facts are these: Hansbrough Brothers
Company entered into a contract with the city of Oakland to
build a quay wall along a certain portion of the Oakland
water front.  For use in the construction of the quay wall,

this company, with materials furnished by it, built a temporary wharf or platform on the land side of said wall, which was used to pass materials over, and to facilitate the work of construction. When the work was partially completed, the Hansbrough Brothers Company became insolvent and abandoned the work, and were adjudged bankrupt by the United States district court.

Upon abandonment, the city of Oakland took possession of the work, including the wharf, runway, or platform, as it was variously called, advertised for bids, and ultimately let a contract for the completion of the work to the Healy-Tibbetts Construction Company. The trustees in bankruptcy, under regular proceedings, sold to the plaintiff herein a quantity of lumber on the premises, including the lumber in the wharf or runway.

Upon demand defendant refused to give up possession of the part of the lumber in controversy, whereupon this proceeding was commenced.

It is not claimed that the material of the wharf was to become a part of the quay wall; but defendant does claim that by reason of the manner of the construction of the wharf, it became real property, and that therefore an action in claim and delivery will not lie. It also claims that, under the terms of section 1200 (since repealed) and 1196 of the Code of Civil Procedure, the materials having been erected "on the ground," became the property of the defendant.

Neither of these contentions commends itself to us with much force. As to the first contention, it is true that the wharf or substructure was built on piles driven into the ground; but it was plainly the intention of the parties, and conceded to be the fact, that it was of a temporary nature, and that, when the quay was finished, the wharf was to be cleared away, and the materials constituting the wharf were to be taken possession of by whoever at that time might be the owner thereof. Under these circumstances, the authorities support the conclusion that the materials are to be regarded as personal property. Whether a structure is a fixture or not depends upon the nature or character of the act by which it is erected, and the purpose for which it was intended to be used. (*Hopewell Mill* v. *Taunton Savings Bank,* 150 Mass. 519, [15 Am. St. Rep. 235, 6 L. R. A. 249, 23 N. E. 327]; *Binkley* v. *Forkner,* 117 Ind. 176, [3 L. R. A. 33, 19

N. E. 753], 19 Cyc. 1045–1048; *Lavenson* v. *Standard Soap Co.*, 80 Cal. 245, 250, [13 Am. St. Rep. 147, 22 Pac. 184]; *Jordan* v. *Myres*, 126 Cal. 565, 569, [58 Pac. 1061]; *Stimson* v. *Los Angeles Traction Co.*, 141 Cal. 30, [74 Pac. 357].)

As to the other point, little need be said. Sections 1196 and 1200 of the Code of Civil Procedure, apply, and make the materials furnished the property of the owner of the structure when they are to become part of the structure, but where, as here, they are not to be used in and incorporated into the structure to be built, they cannot be said to belong to the owner. (*Steiger etc. Pottery Works* v. *Sonoma*, 9 Cal. App. 698, [100 Pac. 714]; *California P. C. Co.* v. *Wentworth Co.*, 16 Cal. App. 692–701, [118 Pac. 103, 113]; *Hamilton* v. *Delhi Mining Co.*, 118 Cal. 148, [50 Pac. 378].)

Under the circumstances of this case the defendant, it would seem, has no more right to these materials constituting the temporary wharf, than it would have to the tools or machinery of the contractor and mechanics. The circumstance that the wharf was to be wrecked and the materials taken away by the original contractor or his assignee, shows not only that they were not a fixture, but also that no property right therein passed to the defendant. There is no circumstance in the case that will warrant the conclusion that there was either an express or implied understanding between the contractor who erected the wharf, and the defendant, that the wharf was to remain on the premises any longer than its use was required by such contractor. Nor is there any ground in the record for the argument that the contractor abandoned the materials contained in the wharf and left them on the premises, under such circumstances that he or his assignee would be estopped to claim them before the quay wall was finished.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 8, 1914.