LeRoy Van Buren, Plaintiff, *v.* Joseph Gallo and Others, Defendants.

Supreme Court, Delaware County, November 21, 1935.

*Arthur F. Curtis* [*Elsie Potosky* of counsel], for the plaintiff.

*Ives & Craft,* for the defendant Gallo.

Personius, J.   This action involves the title to a dance hall located on a farm.   The previous owner of the farm died intestate leaving a widow and infant children.   The plaintiff took possession under a contract to purchase signed by the widow only.   The farm was subject to a mortgage.   The plaintiff built the dance hall in 1931, knowing of the mortgage, and also that his contract was not signed by the infant children.   He, therefore, had a motive for clothing the dance hall with the character of personal property. To this end he consulted an attorney.   Following the attorney's advice and some lay advice, he constructed the building on piers and placed tin on top of the piers under the building.   It could be removed without any particular damage to the realty.   The building was not especially suitable for farm purposes although any building

on a farm can be used for storage. Furthermore, refreshment stands and places of amusement are now frequent adjuncts of farms.

About July, 1932, the plaintiff obtained a deed of both the widow's and infants' interests in the farm. He continued in possession. This deed eliminated the principal motive for maintaining the character of the building as personal property. On acquiring the deed, the plaintiff gave two purchase-money mortgages, one to the widow and another to the Delaware National Bank of Delhi representing the infant children. The building was not reserved in either mortgage.

In July, 1933, one or both mortgages were foreclosed, the defendant Gallo taking title on foreclosure. The first mortgagee has been paid and the mortgage assigned to defendant Gallo's wife, but no question is raised here by the holder of that mortgage.

After Mr. Gallo took possession, the plaintiff attempted to remove the dance hall but was forbidden to do so.

In September, 1933, pending the foreclosure action, the plaintiff claims that for the purpose of raising money to go through bankruptcy, he sold the dance hall to one Simpson for $150, and that he bought it back in November for the same price. He produced no record, receipt or bill of sale and Simpson was not sworn. He did not list the dance hall as an asset in bankruptcy.

Whether a structure is attached permanently and becomes a part of the real estate " does not depend so much upon the degree of physical force with which the thing is attached, as upon the motive and intention of the party attaching it." (*Potter* v. *Cromwell*, 40 N. Y. 287, 296; 1 Reeves Real Prop. §§ 12, 13, pp. 15, 16; *McRea* v. *Central Nat. Bank*, 66 N. Y. 489, 495, *et seq.*) In arriving at the intent, the character of the structure, its use and manner of annexation are, of course, to be considered. Undoubtedly this dance hall was, at the time of its erection, personal property as between the plaintiff and the then owners of the premises. The plaintiff had good reason to preserve its character as personal property and indicated his intent to do so by his words, actions and the method of construction. His position was akin to that of a tenant. A tenant knows that his occupancy is to terminate. While it was not certain that the occupancy of the plaintiff here would terminate, he had no enforcible right to remain in possession. His contract did not bind the infant owners.

The underlying question here is whether the dance hall lost its character as personal property by the giving of the mortgages. The defendant Gallo took such title as the mortgagee had; no better. (*Central Union Gas Co.* v. *Browning*, 210 N. Y. 10, 13; *Craine Silo Co., Inc.*, v. *Alden State Bank*, 218 App. Div. 263.)

When the plaintiff became the owner and mortgagor, he made no physical change in the structure. Had he then placed a permanent foundation under the building, it would indicate an intent to change its character to real estate. Was it necessary that the plaintiff do something of this nature to indicate a change of intent? Did the dance hall become subject to the mortgage by the giving of the mortgage with the dance hall on the premises?

It is undoubtedly true that the rule respecting fixtures which obtains between landlord and tenant differs from that between mortgagor and mortgagee or vendor and vendee. (1 Reeves Real Prop. § 28, p. 31; *Davidson* v. *Westchester Gas-Light Co.*, 99 N. Y. 558, 568; *Jones* v. *Detroit Chair Co.*, 38 Mich. 92; 31 Am. Rep. 314; *Gardner* v. *Finley*, 19 Barb. 317; *Breese* v. *Bange*, 2 E. D. Smith, 474.) In the latter case (at p. 490) the court said: " In respect to fixtures, the rule is more strict between mortgagor and mortgagee, than as between landlord and tenant. The right of a tenant to remove fixtures, which he has erected upon the land for the purpose of trade or manufacture, is strongly favored, but there is no reason for giving it an equally extensive application in the case of a mortgagor. * * * He conveys the land, by way of security, for the repayment of money, and whatever is attached to the land, to be habitually used and enjoyed with it, whether for the purpose of trade and manufacture or not, goes with it, as a part of the mortgage security." In that case a lessee assigned his lease to the lessor as security for notes. The court in substance held that this assignment was in the nature of a mortgage which included erections made on the premises by the tenant.

This dance hall, though standing on pillars, would pass under a mortgage. (*Rowland* v. *Sworts*, 17 N. Y. Supp. 399; *Ombony* v. *Jones*, 19 N. Y. 234.) In the latter case a tenant erected a ballroom resting on stone posts, removable without injury to the premises. It was held that the ballroom was removable by the tenant but the court said (at p. 239): " Beyond all doubt it [ballroom] would be real estate, as between vendor and vendee of the land." And again (at p. 242): " As between vendor and vendee, mortgagor and mortgagee, there can be no doubt that the building would constitute a part of the realty and pass with it." True, this is dictum but it is directly applicable.

We conclude that when the plaintiff became the owner in fee of the premises and gave the mortgages, the dance hall was subject to the lien of the mortgages and upon their foreclosure passed to the defendant purchaser.

We have pointed out that the plaintiff did nothing physically to change or indicate a change in the character of the building,

but this does not seem to be necessary. When a tenant having a right to remove fixtures accepts a new lease of the premises, the right of removal is lost, notwithstanding his actual possession has been continuous. (*Loughran* v. *Ross*, 45 N. Y. 792; 1 Reeves Real Prop. § 37; *Watriss* v. *First National Bank of Cambridge*, 124 Mass. 571, 578.) In such case the tenant does nothing except to change his relationship to the premises. Indeed the change from lessee under one lease to lessee under a new lease is much less than the change of lessee to owner and mortgagor. In *Breese* v. *Bange* (*supra*) the only change in relationship was the assignment of the lease by the lessee to the lessor, as security. In *Davidson* v. *Westchester Gas-Light Co.* (*supra*) a corporate owner-mortgagor leased to another corporation, to which it also transferred its capital stock. The lessee assumed the payment of a mortgage. The court held the nominal lessee to be in fact a mortgagor. In *Jones* v. *Detroit Chair Co.* (*supra*) a lessee purchased the premises. " They thereby united the title to the realty and fixtures in one and the same person. Upon the happening of this event the fixtures at once became subject to the terms of the mortgage." There was a change of relation only. It would seem to be the change in the relationship of the parties to the premises rather than any change in the character of annexation which is controlling and effects a change in the character of the fixture.

We hold that the dance hall standing upon the premises when the plaintiff gave his purchase-money mortgages became subject to those mortgages and passed to the purchaser on foreclosure.

The plaintiff's complaint is dismissed, with costs. No proposed findings have been submitted. The defendants may submit the proposed decision, and the plaintiff requests to find, within ten days.