[No. 8864.  In Bank. — May 28, 1886.]

## L. McNALLY et al., Appellants, v. OWEN CONNOLLY, Respondent.

Fixtures — Lessor and Lessee — Debtor and Creditor. — An engine, boiler, and machinery for a flouring mill, erected by a lessee on the demised premises, and securely attached thereto by bolts and screws, are fixtures as between him and his attaching creditors, notwithstanding an agreement between the lessor and lessee that the latter should be at liberty to remove the machinery upon the expiration of the lease.

Id. — Removal of Fixtures — Conversion into Personalty. — The severance and removal of the fixtures by the lessee converts them into personalty.

Id. — Action to Recover Possession — Demand. — No demand is necessary before bringing suit to recover the possession of the fixtures after their wrongful severance and removal by the lessee.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* and *W. C. Flint,* for Appellants.

*M. Mullany,* for Respondent.

Ross, J. — Whether the title to the property in question passed to the plaintiffs in the present action depends

upon its character at the time of the levy of and sale under the execution issued in the case entitled *McNally et al.* v. *Connolly & Wheat,*—that is to say, whether as between the plaintiffs, who were the creditors, and Connolly & Wheat, who were the debtors, the property was realty or personalty.

The facts of the case are these:—

In 1876 the defendant took a lease of a certain lot of land in the city of San Francisco for a term which was to expire January 1, 1881. Upon the lot there was a brick building which covered most but not all of it. Connolly paid the rent for the term in full, formed a partnership with Charles D. Wheat, and the copartners, under the firm name of Connolly & Wheat, thereupon proceeded to place upon the lot an engine, boiler, and machinery for a flouring mill. It is this machinery that forms the subject-matter of the present action.

The engine and boiler were erected in a wooden building adjoining the brick structure, and the motive power was communicated therefrom to the machinery by means of a shaft or shafts extending into and through the brick structure.

The foundation of the engine and boiler was made by sinking timbers in the ground from six inches to two feet, upon which a brick foundation was built, and the bed of the engine was placed upon the brick-work, and fastened to the wooden foundation beneath by bolts and screws. The mill-stones were bolted fast to the floor. Pieces of timber were put in the brick walls, and bolted through in the upper part of the building, to which the machinery was attached. The whole machinery seems to have been securely attached to the building, and to have been solid and substantial, but was secured and fastened usually by bolts and screws, which could be removed without material injury to the building, while some bridges were bolted directly to the walls. The principal difference in securing the machinery from that

ordinarily pursued consisted in using bolts with screws instead of nails. It was placed in the building with the understanding between the lessor and the lessee that the latter should be at liberty to remove it, and it was with that end in view that it was attached as above stated, in order that it might be severed with the least possible injury to the realty.

In 1877 plaintiffs herein brought an action against Connolly & Wheat to recover $2,966.16, and caused a writ of attachment to be duly issued in the action, which was levied upon the right, title, and interest of the defendants to the suit in and to the lot of land and premises so leased as aforesaid.

The sheriff also, by direction of the plaintiffs, at the same time attached the machinery as personal property.

Plaintiffs had judgment in the action, and thereafter caused an execution to issue, under which the sheriff levied upon the lot of land having the mill and machinery thereon, and afterward, on the nineteenth day of October, 1877, sold the same in due form as *real estate*,— plaintiffs becoming the purchasers,—and no redemption being had, on the fourth day of May, 1878, they received a sheriff's deed in due form of said land and premises.

Just prior to the expiration of the lease, that is to say, in December, 1880, Connolly detached and removed the mill and machinery, whereupon the present action was brought against him to recover its possession, or in the event its delivery cannot be had, its value.

The fact that, as against the lessor, Connolly & Wheat had the right upon the expiration of the lease to remove the machinery is unimportant. The question here is, How does the law regard it as between debtor and creditor? It is provided by statute in this state, that "a thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or perma-

nently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws." (Civ. Code, sec. 660.) It is clear that under this definition the mill and machinery in question constituted fixtures.

It does not admit of doubt, we think, that had Connolly and Wheat, on the day of the execution sale against them, executed to the plaintiffs a deed of all their right, title, and interest in and to the lot of land upon which the mill and machinery were erected, the latter would have passed by the deed to the plaintiffs. We know of no principle by which a different result can be held to follow a forced sale against them, from which no redemption was had. It results from these views that the title to the property in question vested in the plaintiffs upon the execution of the sheriff's deed. That being so, the subsequent severance and removal of the property by the defendant Connolly was a conversion of it into personalty. (_Sands_ v. _Pfeiffer_, 10 Cal. 258.) And as the severance and removal by defendant was wrongful, no demand before bringing suit was necessary.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, J., THORNTON, J., MORRISON, C. J., and SHARPSTEIN, J., concurred.

Rehearing denied.