[L. A. No. 695.    Department Two.—November 8, 1899.]

COMMERCIAL BANK OF SANTA ANA, Appellant, v. B. F. PRITCHARD et al., Defendants.    CHARLES S. McKELVEY, Respondent.

LEASE—OPTIONAL TERM FOR YEARS—RENEWAL—REMOVAL OF IMPROVEMENTS—"CONVEYANCE OF REAL PROPERTY."—A lease of land for a warehouse site, for a term of five years, with the option to either party to terminate it upon thirty days' notice in writing, and with the right to the lessee to remove the warehouse erected thereupon at the termination of the lease, and to renew the lease at the expiration of the term for a like period, is a "conveyance of real property" within the meaning of section 1215 of the Civil Code.

ID.—ESTATE OF LESSEE—RIGHT OF TRANSFER.—The lessee under such lease is the owner of the estate in the land conveyed by the lease and of the improvements placed by him upon the premises, and of the covenant for renewal of the lease; and he may convey or encumber the same by deed or by mortgage or by assignment of the lease.

ID.—TRANSFER AS SECURITY FOR NOTE—RECORD—SUBSEQUENT BONA FIDE PURCHASE OF WAREHOUSE—SUBJECTION TO LIEN.—Where the lessee mortgaged the warehouse on the leased lands described by metes and bounds (the mortgage being recorded both as a chattel mortgage and as a real estate mortgage), and also assigned the lease to a creditor as security for a note, a subsequent conveyance of the warehouse to a *bona fide* purchaser for value, though made without actual notice of the lien, was subject thereto, if his conveyance was not first duly recorded.

ID.—ASSIGNMENT OF LEASE AS SECURITY—MORTGAGE—GRANT OF ESTATE OF LESSEE—INCLUSION OF WAREHOUSE.—The assignment of the lease for years, as security, was a mortgage, and not a pledge, and transferred everything that would pass by a grant of all the property of the lessee in the leased premises, including the warehouse erected thereupon by the lessee.

ID.—WAREHOUSE PRESUMED REAL PROPERTY.—A warehouse one hundred feet by forty feet, with concrete foundation, will be presumed to rest permanently upon the land, and to be affixed thereto, and to come under the definition of real property pursuant to sections 658 and 660 of the Civil Code, in the absence of proof to the contrary.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. J. W. Ballard, Judge.

The facts are stated in the opinion.

E. E. Keech, for Appellant.

McKelvey & Bowe, for Respondent.

COOPER, C.—Action for foreclosure of mortgage. Judgment for defendant McKelvey. Motion for a new trial denied and plaintiff appeals from the judgment and order.

The facts of this case are substantially as follows: On May 25, 1895, the Southern California Railway Company leased a small parcel of land, described by metes and bounds, to one Pritchard for the term of five years from the date of said lease, at the nominal rent of one dollar per year, for the exclusive purpose of a warehouse site. The lease provided that it might be terminated by either party upon thirty days' notice in writing, that upon its termination the said Pritchard should have the privilege of removing all improvements placed by him thereon, and that at its expiration the said Pritchard should have the privilege of renewal for a like period and upon like terms. After the execution of the lease and prior to the twelfth day of August, 1895, said Pritchard built upon the land so leased a grain warehouse, with concrete foundation, forty feet wide by one hundred feet long, the same being a frame building with shingle roof. On said last-named date, the said Pritchard borrowed from appellant six hundred dollars, giving his promissory note therefor due one year after date, and to secure the said note gave a mortgage upon "All that certain personal property situate and described as follows, to wit: One grain warehouse with concrete foundation, shingle roof, and frame structure, size forty feet wide and one hundred feet long, situated at Northam station in Orange county, California, on the following described lands, to wit." Then follows a description of the lot so leased by Pritchard by metes and bounds. The mortgage was verified by the mortgagor and mortgagee as a mortgage of personal property and was properly acknowledged. It

was by appellant filed for record and was recorded in volume 2 of chattel mortgages of Orange county.

Thereafter, on October 9, 1896, the said Pritchard, to further secure the said note, transferred and assigned to appellant the said lease. On June 3, 1897, the appellant filed the said mortgage for record as a real estate mortgage, and it was recorded in book 13 of real estate mortgages of said county. The promissory note was not paid, and appellant was the owner and holder of it at the time of the trial. All the above facts were found by the court below, and the court also made the following finding: "That the defendant, Charles S. McKelvey, is the owner and in possession of said warehouse, and at all times since the twenty-seventh day of May, A. D. 1897, has been and now is the owner, and in possession of said warehouse, and said defendant entered into possession of said warehouse, and became the owner thereof, for a good and valuable consideration, and took the same without any notice whatever of any claim by the plaintiff, or any lien held by the plaintiff against said warehouse. That the said defendant became the purchaser of and entered into the possession of said warehouse without any notice, constructive or otherwise, of plaintiff's lien."

By reason of the finding just quoted, the learned judge of the court below refused to grant appellant a decree of foreclosure, and found that respondent was entitled to a judgment against appellant, that he was the owner of the warehouse and lease, and entitled to the control and possession thereof free and clear of any lien of the appellant. In this we think the court erred. The decision was evidently given upon the theory that the warehouse and lease were personal property.

Counsel for appellant says in his brief that the decision of this case depends upon whether or not the warehouse is personal property, and counsel for respondent say in their brief: "The only question to be decided is, Is the warehouse chattel or real property?" This case does not depend upon the principle that the lessee as against his lessor, upon the termination of the lease, would have the right to remove the warehouse from the real estate described in the lease. It does not appear that the lease has ever been terminated, and no attempt has

ever been made to remove the warehouse. Neither the lessor nor the lessee appear to have any interest in this controversy. The lessor was not made a party, and the lessee does not appear from the record to have made any defense or contest. It is, therefore, not necessary to discuss the rule as to the character of the warehouse in case this were a contest between the lessor and lessee. The lease made by the railway company to Pritchard was a conveyance of real estate. (Civ. Code, sec. 1215; *Garber v. Gianella,* 98 Cal. 529.)

Pritchard was, therefore, by virtue of the conveyance, the owner of the estate thereby conveyed, and of all the improvements placed by him upon the premises therein described, and of the covenant for a renewal of his estate as therein provided. Being so the owner of the property, he could convey it by deed absolute, by way of mortgage, or by an assignment of his lease. He did so convey it by way of mortgage to appellant and afterward by a transfer of the lease, and this long before the time respondent claims to have purchased the warehouse as personal property. The court finds that Pritchard, in writing and to secure the said note, assigned and transferred the lease to appellant October 9, 1896. The mortgage and assignment of the lease both being made to appellant prior to the attempted transfer to respondent, and both being so made as security for the note of six hundred dollars, it will not be necessary to discuss the mortgage separately. This being the case, it must follow that on the twenty-seventh day of May, 1897, the attempted transfer to respondent conveyed nothing, or at most only conveyed the property subject to the lien of appellant thereon. Not only this, but the attempted transfer, as set forth in the finding quoted, only mentioned the warehouse and not the lease. The transfer of the warehouse, if personal property, would not transfer the lease which the court found had been transferred to appellant. The court, after so finding that the lease had been transferred and assigned to appellant as security, finds that by a sale of the warehouse, made long after the transfer of the lease to appellant, the respondent became the owner and entitled to the lease free and clear of any lien or claim of appellant. We cannot understand by what process of reasoning the court could find that the lease was transferred and as-

signed to appellant October 9, 1896, that the warehouse on the leased premises was conveyed to respondent May 27, 1897, and that from these facts alone the respondent became the owner of the lease free of any lien or claim of appellant. The court evidently treated the respondent as an innocent purchaser for a valuable consideration, without notice. Pritchard certainly was guilty of the utmost bad faith toward appellant in selling respondent the warehouse without letting him know anything about the mortgage or lien of appellant. The respondent in his testimony says: "I had no knowledge or information given me at any time of the existence of any mortgage or lien upon this property, between Mr. Pritchard and the plaintiff; I knew nothing of the record, had no personal knowledge of anything. Mr. Pritchard did not tell me about the mortgage to the bank. I did not ask him; made no inquiry; did not make any search of the records."

The court found that respondent was a purchaser for a valuable consideration without notice. It has been shown that the lease was a conveyance, that it had been assigned to appellant as security for the note of Pritchard. It was therefore incumbent upon respondent to show not only that he was a subsequent purchaser for a valuable consideration, but that his conveyance was first duly recorded. (Civ. Code, secs. 1107, 1214; *Thomas v. Vanlieu,* 28 Cal. 617; *Warnock v. Harlow,* 96 Cal. 306; 31 Am. St. Rep. 209.)

It nowhere appears, either from the evidence or the finding, that respondent ever recorded his conveyance. It is provided by the code of this state that every transfer of an interest in property, other than in trust, made as security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is deemed a pledge. (Civ. Code, sec. 2924.) The court having found that Pritchard assigned the lease to appellant as security for the payment of the six hundred dollars, it was clearly a mortgage within the definition just quoted. There is no law in this state requiring conveyances to be recorded. (*Bank of Ukiah v. Petaluma Sav. Bank,* 100 Cal. 590.)

A mortgage is a lien upon everything that would pass by a

grant of the property. (Civ. Code, sec. 2926.) Therefore Pritchard, by the assignment of the lease as security, conveyed to appellant everything that would have passed by a grant of the property. A grant of the property made by Pritchard would have conveyed all his interest in the leased premises, including the warehouse. In determining whether the warehouse is real or personal property, we must apply the same rule that would be applied if Pritchard had made a deed of grant of the property to appellant.

Real property consists of land and that which is affixed to it. (Civ. Code, sec. 658.)

A thing is deemed to be affixed to land when it is permanently resting upon it, as in the case of buildings. (Civ. Code, sec. 660.)

The warehouse one hundred feet by forty feet with concrete foundation would ordinarily permanently rest upon the land. In this case there is nothing to show that the building and concrete foundation did not rest upon the land, and it will be presumed that it did, and hence under the definitions given it is real estate.

In the case of *McNally v. Connolly*, 70 Cal. 3, this court held that an engine, boiler, and machinery in a flouring-mill erected by a lessee upon the leased premises, and securely attached thereto by bolts and screws, were fixtures as between the lessee and his attaching creditors.

In *Lavenson v. Standard Soap Co.*, 80 Cal. 245, 13 Am. St. Rep. 147, it was held that a gun-metal digester, soap-kettles, boiler, and candle machines, put into and attached to a building with the intention of using them for making soap and candles, were fixtures and part of the realty and would not pass against a mortgagee by bill of sale.

In *San Francisco Breweries v. Schurtz*, 104 Cal. 427, it was held that fixtures attached by a lessee to leased property become a part of the realty and remain so until they are severed, and while so attached a mortgage of the leasehold interest covers the fixtures. To the same effect are Ewell on Fixtures, 276, 277, note 1; Jones on Mortgages, secs. 428, 435. In *Griffin v. Marine Co. of Chicago*, 52 Ill. 130, a lessee of a lot of ground erected a building thereon under an agreement with the lessor

that the former might remove all the improvements placed by him on the premises or the lessor should pay for them at their appraised value. The lessee and owner of the improvements executed a mortgage upon his interest in the premises including the improvements, and it was held that the property mortgaged was an actual interest in real estate and became immovable, possessing none of those attributes as personal property which have shaped the law in regard to mortgaging such property. In the case of *Knapp v. Jones*, 143 Ill. 375, it was held that a grain elevator built by a lessee on ground held under a lease which provided that the lessor might terminate the lease on sixty days' notice, and that the lessee might remove his buildings at any time before the expiration of the lease, was together with the leasehold estate to be classed as real estate, so that the holder of a recorded mortgage thereon had priority over a subsequent execution creditor.

It follows that the judgment and order should be reversed, with directions to the lower court to enter judgment for appellant in accordance with the views herein expressed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, with directions to the lower court to enter judgment for appellant in accordance with the views herein expressed.                    Henshaw, J., Temple, J.

McFARLAND, J., concurring.—I concur in the judgment; but the opinion of the commissioner might, perhaps, be construed as holding, generally, that an estate for years in land is real property, which, of course, is not so. An estate for years is, in its nature, personal property—a chattel real; and it is subject for most purposes to the law which applies to personal property. (See *Jeffers v. Easton*, 113 Cal. 345, where the subject is discussed and our code division of property into real and personal is shown to be, substantially, that of the common law.) But by sections 1214 and 1215 of the Civil Code a lease of land for a term exceeding one year is expressly made subject to the law concerning the recordation of conveyances of real property; and as it is subject to that law the reasoning of the

commissioner applies to the case at bar. In my opinion, the question whether or not the warehouse was so fixed to the soil as to be a part of the land, and thus belong to the owner of the fee, is not important; the owner of the fee is not claiming it, and the questions involved pertain to the leasehold interest, as between the present appellant and respondent.