[Sac. No. 1943.   Department Two.—September 25, 1912.]

## VICTORIA ALDEN, Appellant, v. C. E. MAYFIELD, Respondent.

LANDLORD AND TENANT—PLATE GLASS AND MARBLE FRONT ERECTED BY TENANT BECOMES PART OF BUILDING.—In the absence of any agreement between a landlord and tenant for their removal, a heavy plate glass and marble stone front erected by a tenant so as to form the front of a store leased by him, and attached to the demised premises by means of screws, become an integral part of the building and cannot be removed by the tenant.

ID.—TENANT CANNOT REMOVE SUCH IMPROVEMENTS AS TRADE FIXTURES. The removal of such improvements would necessitate the removal of a portion of the building itself, and is not authorized, under section 1019 of the Civil Code, as being things affixed to the demised premises for purposes of trade or ornaments to attract patronage.

APPEAL from a judgment of the Superior Court of Solano County and from an order refusing a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

W. U. Goodman, for Appellant.

T. T. C. Gregory, for Respondent.

HENSHAW, J.—Plaintiff sued to recover damages for injury to her freehold and for an injunction to restrain threatened future damages. The specific charge of damages was that the defendant "between midnight of the 28th day of May and daylight of the 28th day of May, wrongfully and unlawfully cut down, tore out and removed the heavy plate glass and stone front of a brick building belonging to plaintiff and replaced the same with a cheap temporary structure with great damage to said property and the said plaintiff in the sum of $1,000." Defendant admitted the taking down and removal of the plate glass and the marble stone front, but alleged that while tenant of the building he placed the plate glass and marble in the building; that the windows and marble were owned by him "and were placed there by him for the purpose of trade, ornament, and convenience only, and were trade fixtures and not an integral part of the said store or premises, and could be and were removed without any injury to the premises." The court found in accordance with this averment of the answer. It further found that defendant threatened to remove fixtures which were part of the freehold, and as a conclusion of law declared that plaintiff was entitled to an injunction restraining defendant from injuring the freehold; but by its judgment withheld the injunction and gave judgment for defendant for costs. From this judgment and from the order denying her motion for a new trial plaintiff appeals.

It is to be noted that the answer does not base the right of removal upon any agreement between the landlord and tenant, and the court does not find that the removal was by virtue of any such agreement. Wherefore, all of respondent's argument based upon section 1013 of the Civil Code is meaningless. The pleadings and the findings are to the effect that the property removed was the tenant's property; was affixed to the freehold for the purpose of trade, ornament, and convenience and had not become an integral part of the store or premises. This is a finding under section 1019 of the Civil Code, which permits such removals under the indicated cir-

cumstances. The questions presented are, first, whether the plate glass and marbles so removed belonged to the defendant and whether, if they so belonged to the defendant, they were attached to the freehold in such manner as to justify his removal of them. That they were attached by screws is uncontradicted. That the plate glass windows and the marble formed the front of the store occupied by defendant is equally without controversy. Their removal necessarily, and against any evidence to the contrary, was the removal not of a fixture but of a portion of the building itself—the very front of the store. By such removal the building itself ceased to be an inclosure and was open to intruders and the elements. The testimony of the contractor who placed the windows and marbles in place, to the effect that "they were so attached that the removal could be effected without injury to the premises" could only mean that they were so attached that *in the process* of removal the rest of the building would not be weakened or injured. If the evidence meant anything else, it was contrary to the manifest physical facts and can have no weight. For it is futile to say that the removal of the plate glass and marble front of a store is not an injury to the building itself, and so to the freehold. But construing this evidence to mean only that the process of removal did not, by the wrenching of nails, of the breaking of beams, or the weakening of the structure, injure the building, it must be said that the evidence does not support the finding, for it is not and cannot be disputed that by the removal the building was injured and its value impaired. Nor is respondent's position strengthened by calling this store front of marble and glass trade fixtures or trade ornaments to attract patronage. They were not trade fixtures nor trade ornaments. They constituted a part and an important part of the building itself. Concededly, a beautiful store front of plate glass and marble may be expected to exercise a trade attraction superior to unkempt windows and dirty wood, but the plate glass and stone front do not for this reason suffer conversion from their true character as part of the building, into a mere trade ornament. The famous dome of Tiffany glass in Marshall Field's Chicago establishment undoubtedly exercises by its beauty a trade attraction. But one would not therefore acquiesce in the proposition that the tenant could remove the dome as a trade fix-

ture and ornament. The same is true here. Under the very language of section 1019 of the Civil Code the plate glass and marble had become an integral part of the premises by their use and by the very manner in which they were affixed. They were so affixed by screws and by these screws made a part of the store front. Section 660 of the Civil Code, declares that: "A thing is deemed to be affixed to land when . . . it is permanently attached to what is thus permanent on the land, as by means of cement, plaster, nails, bolts or screws." It is useless to discuss so plain a proposition, or to do more than to cite, amongst the many authorities bearing upon it, *McNally* v. *Connolly*, 70 Cal. 3, [11 Pac. 320]; *Hendy* v. *Dinkerhoff*, 57 Cal. 6; *Lavenson* v. *Standard Soap Co.*, 80 Cal. 245, [13 Am. St. Rep. 147, 22 Pac. 184].

Upon the question of ownership it is made to appear that defendant as tenant desired to make certain changes in the building. On account of the cost of these changes he was allowed by plaintiff $175 or in other words, plaintiff bore $175 of the cost of these changes upon her premises. Defendant testifies that the plate glass windows and the marbles were his and that the $175 was not applied in whole or in part to their cost or to their placement. In this, however, he is contradicted by statements in his own handwriting presented to his landlord, where for several months he deducted twenty dollars from the rent on account of these very changes in the store front.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Melvin, J., and Lorigan, J., concurred.