[Civ. No. 3876. Second Appellate District, Division Two.—January 17, 1923.]

## CHARLES E. GUY, Respondent, v. H. W. BRENNEN et al., Appellants.

[1] BROKER'S COMMISSIONS—SALE OF LEASE AND FURNITURE—PLEADING — EVIDENCE — VARIANCE — APPEAL.—In an action to recover a broker's commission, error in the complaint and findings in describing the services rendered by plaintiff as that of finding a purchaser for the "furniture, furnishings and equipment" of defendant's apartment house, whereas the evidence showed that plaintiff's employment extended to the procurement of a purchaser of the lease held by defendants as well as of the furniture and equipment, will be disregarded on appeal, where the defendants could not have been misled as to the nature of the services which plaintiff was employed to perform and for which he was seeking compensation.

[2] ID. — REAL ESTATE — SALE OF LEASE — STATUTE OF FRAUDS.—The term "real estate," as used in subdivision 6 of section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure, does not embrace such an estate or interest in real property as amounts only to an estate for years; therefore an agreement employing an agent or broker to sell a lease of an apartment house is not in-

---

2. Necessity that agent's authority to purchase or sell real property be in writing, to enable him to recover compensation for his services, notes, 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

valid because the same or some note or memorandum thereof is not in writing and subscribed by the party to be charged, or by his agent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Burke for Appellants.

John H. Miller for Respondent.

FINLAYSON, P. J.—Plaintiff, a realty broker, brought this action to recover the commission earned by him in the sale of defendants' apartment house. Judgment passed for plaintiff and defendants appeal.

The first point advanced by appellants against the judgment is more technical than meritorious. [1] The complaint alleged and the trial court found that defendants employed plaintiff to find a purchaser for the "furniture, furnishings and equipment" of the apartment house. Defendants, who had leased the house from the owner, held a five-year lease thereon. Plaintiff, as the proof showed, was employed to find a purchaser of the lease as well as of the furniture and equipment. It now is claimed that the finding that plaintiff was employed to sell the "furniture, furnishings and equipment" is not supported by the evidence, for the reason that plaintiff's employment extended to the procurement of a purchaser of the lease as well as of the furniture and equipment. We can see in this objection no good reason for disturbing the judgment. The gist of plaintiff's cause of action is the performance of certain services in bringing about a sale of defendants' property. The fact that the allegation in the complaint and the finding of the court did not describe all that was to pass to the purchaser in the event that a sale should be effected through plaintiff's efforts could not have misled defendants as to the nature of the services which plaintiff was employed to perform and for which he now is seeking compensation; and we are unable to see how defendants could have been injured by the failure of the complaint and findings to make mention of the lease. Under the familiar and oft-cited sections of the code and

constitution (Code Civ. Proc., sec. 475; Const., art. VI, sec. 4½) the error will here be disregarded.

[2] Appellant's second point is that the contract of employment, which was oral, was invalid under that provision of our statute of frauds which provides that an agreement employing an agent or broker to sell "real estate" for a compensation or commission is invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged, or by his agent. (Civ. Code, sec. 1624, subd. 6; Code Civ. Proc., sec. 1973, subd. 6.) In this particular subdivision of the statute the words "real estate" are used, whereas in the preceding subdivision the words "real property" occur. Appellant's contention, stated in the language of their brief, is: "We contend that by the use of the term 'real estate' rather than 'real property' in this subdivision (subd. 6) the legislature referred to 'estates in real property.'" And because a lease for years is an estate (Civ. Code, sec. 701 and sec. 761, subd. 3), and a broker employed to sell a lease for years is therefore employed to sell an "estate," it is argued that respondent was employed to sell "real estate," within the meaning of subdivision 6 of the statute of frauds. This argument loses sight of the significance of the word "real" in the expression "real estate." It may be conceded, as appellants contend, that by the words "real estate," as here used, the legislature did refer to "estates" in, i. e., interests in, "real property," and not to the land itself—the *corpus.* But even so, the words "real estate" do not connote any and every estate or interest in real property. They embrace only such an estate or interest in real property as reaches to the dignity of *real* estate. And a lease is not "real" estate. The legislature was dealing with the terms of art, and is presumed to have used them in their technical sense. "The term 'real estate,'" says Kent, "means an estate in fee or for life in land, and does not comprehend terms of years, or any interest short of a freehold." (3 Kent's Commentaries, p. 401.) "They [the words "real estate"] import a freehold interest, either an estate for life or in fee simple." (*Bourn* v. *Robinson,* 49 Tex. Civ. App. 157 [107 S. W. 873].) "A leasehold interest is not real estate, but merely a chattel real, which is personal property." (*Townsend* v. *Boyd,* 217 Pa. 386 [12 L. R. A. (N. S.) 1148 [66 Atl. 1099].) See, also, *Mayor* v. *Mabie,* 13

N. Y. 151 [64 Am. Dec. 538] , *Scogin* v. *Perry,* 32 Tex. 21, 29, and *Harrington* v. *Sharp,* 1 G. Greene (Iowa), 131 [48 Am Dec 365].

If we return to the definitions which are to be found in our code we  shall be led to the same result. An estate is an interest in real property. (Civ. Code, sec. 701.) A lease— an estate for years—is an estate in real property. (Civ. Code, sec. 761, subd. 3.) But though a lease is an "estate," i. e., an interest in real property, it is not "real" estate. It is a chattel. (Civ. Code, sec. 765.) True, it is a chattel *real* (sec. 765) ; but *all* chattels are included within the code definition of personal property. (Civ. Code, sec. 14, subd. 3 ; Code Civ. Proc., sec. 17, subd. 3.) It follows, therefore, that under the definitions to be found in our codes a lease for years, though a chattel real, is personal property, and, therefore, though it may be an estate or interest in real property, it is not such an estate or interest as is connoted by the words "real estate." "A term for years is only personal property—a chattel real. . . . An assignment of a term for years is, therefore, governed generally by the rules applicable to the sale of personal property." (*Jeffers* v. *Easton, Eldridge Co.,* 113 Cal. 352, 353 [45 Pac. 680, 681]. See, also, *Summerville* v. *Stockton Milling Co.,* 142 Cal. 538, 539 [76 Pac. 243].)

If the term "real estate," as used in this subdivision of our statute of frauds, were held to include a lease for years, a singular anomaly might arise. Neither an agreement for, nor the actual transfer of, a lease for one year or less need be in writing. This is because our statute of frauds, by appropriate qualifying language, in effect exempts from its operation all leases for a term not longer than one year. (Code Civ. Proc., sec. 1973, subd. 5 ; Civ. Code, sec. 1624, subd. 5, and sec. 1091.) But the words "real estate," as used in subdivision 6 of sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, are not thus limited by any qualifying word or phrase. The result is that those words, as used in subdivision 6, include any and every interest in real property which properly may be denominated "real estate." So that if it were proper to classify an estate for years as "real estate," then no agreement authorizing or employing an

agent or broker, for a compensation or a commission, to find a purchaser of any lease, even of a lease for one month, would be valid unless the employment were in writing. "Estates for years embrace all terms limited to endure for a definite and ascertained period, however short or long this period may be; that is to say, they embrace terms for a fixed number of weeks or months, or for a single year, as well as for any definite number of years, however great." (24 Cyc. 958.) Thus in *Stoppelkamp* v. *Mangeot*, 42 Cal. 316, it was held that a lease for one month is technically a tenancy for years. Since a parol lease for a year or for a shorter definite period is valid, what an anomaly it would be if an agreement employing a broker to find a purchaser for such a lease were invalid unless it or a memorandum thereof were in writing! And yet such an anomalous situation is inescapable if the words "real estate," as used in subdivision 6 of the statute, shall be held to include leasehold interests.

We are, of course, aware that there is a reverse side of the picture which we have painted of an anomalous situation, and that under our construction of the words "real estate" an oral employment of a broker to secure a purchaser of a lease for a term longer than one year will be valid, although the lease which is the subject matter of the employment must be in writing in order to be valid. But because either construction of the words "real estate" will involve what appears to be somewhat of an anomaly, we think there is all the more reason why those words should be construed in the light of our code definitions— definitions which, as at common law, make all chattels, real as well as personal, to fall within the definition of personal property.

There is nothing in *Commercial Bank* v. *Pritchard*, 126 Cal. 600 [59 Pac. 130] which conflicts with the foregoing views. That case, following the reasoning in *Garber* v. *Gianella*, 98 Cal. 527 [33 Pac. 458], holds that an instrument whereby a lease is created must be deemed to be a "conveyance" for all the purposes mentioned in sections 1213 and 1214 of the Civil Code. The court was obliged so to hold because, by section 1215 of the Civil Code, there is an express legislative declaration that the term "convey-

ance," *as used in sections 1213 and 1214,* shall embrace every *instrument,* except wills, whereby *any* estate or interest in real property is created, aliened, mortgaged or encumbered. But because the legislature has said, in effect, that, for the purposes of the law respecting the recordation of conveyances, a written instrument whereby a leasehold interest is created shall be deemed to be a "conveyance," it does not necessarily follow that the leasehold interest conveyed by such instrument is "real estate."

The words "real property," as defined by section 14 of the Civil Code, subdivision 3, are "coextensive with lands, tenements and hereditaments." The learned author of the majority opinion in *Commercial Bank* v. *Pritchard, supra,* seems to have used the terms "real estate" and "real property" interchangeably. It doubtless was in view of this laxity in the commissioner's use of two expressions which, technically, are not convertible terms, that Mr. Justice McFarland was prompted to write a separate but concurring opinion so as to avoid any possible future misconception as to the real purport and extent of the court's decision. That this was the purpose of the concurring opinion seems evident from its language, Mr. Justice McFarland saying: "I concur in the judgment; but the opinion of the commissioner *might, perhaps,* [italics ours] be construed as holding, generally, that an estate for years in land is real property, which, of course, is not so. An estate for years is, in its nature, personal property—a chattel real; and it is subject for most purposes to the law which applies to personal property. (See *Jeffers* v. *Easton,* 113 Cal. 345, where the subject is discussed and our code division of property into real and personal is shown to be, substantially, that of the common law.)"

We think it clear that whether we look to the common law or to our code definitions, the term "real estate," as used in subdivision 6 of sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, must be held not to embrace such an estate or interest in real property as amounts only to an estate for years.

The judgment is affirmed.

Works, J., concurred.

CRAIG, J., Dissenting.—I dissent. In doing so it will serve no useful purpose to write an extended opinion, or one which will more than outline my reasons.

Unquestionably the term "real estate" has been construed as of narrower or broader meaning according to the context in which it is used. This is true of words of similar application, as "conveyance" and "grant." (*San Pedro etc. R. R. Co.* v. *Hamilton*, 161 Cal. 610 [37 L. R. A. (N. S.) 686, 119 Pac 1073].) According to Tiffany on Real Property, second edition, section 3, the expression "real estate" is frequently used by legislatures and courts as applying to any estate in lands. It is elementary that an estate is the interest one owns in either real or personal property; that a real estate is one whose duration is indefinite, as for life or in fee; and that interests in property of a fixed duration are personal estates. (Robinson's Elementary Law, secs. 60 and 62.) As used in this common-law sense, "estate" is a noun, and "real" a descriptive adjective. But the words "real estate" may be so employed as to jointly constitute a term in effect a single word in the nature of a noun; and in my opinion it was the intention of the legislature to apply this meaning to the term when it said that "an agreement authorizing or employing an agent or broker *to purchase or sell real estate* for compensation or a commission" is invalid unless the same or some note or memorandum thereof be in writing, etc. (Subd. 6, sec. 1973, Code Civ. Proc. Italics mine.) *Commercial Bank* v. *Pritchard*, 126 Cal. 600, at page 603 [59 Pac. 130], holds that a lease for a term of five years with provision for its cancellation and renewal is a "conveyance of real estate."

It is true that in the opinion of Mr. Justice McFarland, concurring, the meaning assigned the term by the opinion of the court was justified only because of sections 1214 and 1215 of the Civil Code. However, it is equally clear that the majority of the court did not entertain the same view of the matter as that able jurist. Sections 1214 and 1215 of the Civil Code have to do with the recording of instruments, whereas in that part of the opinion of the court where it is said that "the lease by the Railway Company to Pritchard was a conveyance of real estate" no reference to rights based upon the recording of the instrument was made. That phase of the case was not then being discussed.

The opinion states that "the lease . . . is real estate," and upon that fact predicates the proposition that the warehouse placed upon the land by the owner of the lease went with a conveyance of the lease. To my mind the purpose of subdivision 6 was clearly intended to have general application in the prevention of fraud as between real estate agents and their customers, not only in disposing of estates in real property for life or of greater duration, but to accomplish the same purpose in connection with all of the transactions involving interests of any kind in land which are daily a part of the real estate agent's business. If an anomaly is thereby created, as pointed out in the majority opinion, it is the not unusual result of piecemeal legislation.