472 P.2d 948

**COLDWELL BANKER & COMPANY REAL ESTATE BROKERS, an Arizona corporation, Appellant,**

v.

**Herbert B. POTTHOFF and Daniel T. Meredith, Appellees.**

**No. 1 CA–CIV 1181.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 3, 1970.

Rehearing Denied Sept. 25, 1970.
Review Granted Nov. 10, 1970.

———◆———

N. Pike Johnson, Jr., and Powers, Boutell & Fannin, by Paul R. Fannin, Phoenix, for appellant.

Kenneth S. Scoville, Phoenix, for appellees.

HAIRE, Judge.

The sole issue presented by this appeal is whether the statute of frauds defense is available to the defendant-lessors in a suit brought by a broker to recover a commission alleged to be due as a result of the broker's efforts in obtaining a lessee for the lessors' real property. The trial court granted the lessors' motion for summary judgment and held that the broker's claim was barred by the statute of frauds. This appeal by the broker followed.

On an appeal from the granting of a motion for summary judgment we view the facts in a light most favorable to the party opposing the motion. So viewed, those facts are as follows. The lessors leased space in their shopping center to a lessee procured by the plaintiff broker. The broker then sought payment from lessors of a commission based upon an *oral* listing and commission agreement. When the lessors refused to pay the commission, the broker brought this action.

The defendant-lessors in their answer to the broker's complaint denied the existence of any oral commission agreement and raised as an affirmative defense the statute of frauds, A.R.S. § 44–101. Based upon that affirmative defense, the defendants successfully moved for summary judgment, and the broker appealed. For reasons stated herein, we reverse.

Preliminarily we note that the statute of frauds defense is a statutory creation and is not available to a defendant unless the facts come within the terms of the governing statute. A.R.S. § 44–101 reads in pertinent part as follows:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*     \*     \*     \*     \*     \*

"6. Upon an agreement for leasing for a longer period than one year, or for the

sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged.

"7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

The above-quoted subparagraph 6 of A. R.S. § 44-101 requires a writing to render enforceable an agreement between the vendor and vendee for the sale of a fee simple or lesser interest in real property, and also requires a writing to render enforceable—*as between lessor and lessee*—a lease for more than one year. Subparagraph 6 does not in any manner deal with commission agreements between vendors or lessors and their real estate brokers. Rather, such is the subject matter of subparagraph 7 of A.R.S. § 44-101.

A careful reading of subparagraph 7 reveals that it pertains to a compensation or commission agreement to employ or authorize an agent or broker "to *purchase or sell* real property, or mines". (Emphasis added). There is, however, no express reference therein to a compensation agreement employing or authorizing an agent or broker to *lease* real property. There is no language in subparagraph 7 or elsewhere in A.R.S. § 44-101 from which it can be inferred that a real estate commission for procuring a lease, as opposed to a sale, of real property is within the statute and therefore requires a writing.

■ Moreover, the surrounding context clearly excludes any such inference: In subparagraph 6, the legislature indicated that it was cognizant of the existence of leases and of sales of less than a fee simple interest in real estate in addition to being aware of sales of full fee simple interests; it therefore separately enumerated each of these three types of interest. Logically imputing awareness of these differing interests to the legislature, had it intended that a writing be required to enforce an obligation for a commission for procuring a lessee, it would have included appropriate language in subparagraph 7 or elsewhere in A.R.S. § 44-101, but the legislature did not do so. Since there is neither express language nor an *implication to the contrary therein*, we hold that the statute of frauds is no bar to enforcing the right to a real estate commission based upon an oral listing or oral commission agreement when the underlying brokerage-fee-generating transaction is the leasing of real property rather than a sale of real property.

The result reached herein is in accord with the decisions of the courts of California, the state from which we adopted A.R.S. § 44-101's subparagraphs 6 and 7.[1] *See, e. g.,* Lind v. Huene, 205 Cal. 569, 271 P. 1087 (1928); Guy v. Brennan, 60 Cal. App. 452, 213 P. 265 (1923).

The defendant-lessors rely heavily upon Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966). It should be pointed out that the facts in that case involved a purported *sale* of a previously existing leasehold interest rather than the actual leasing of real property, and thus can be factually distinguished. In any event, for the reasons stated herein, to the extent that Patton suggests a contrary rule, we decline to follow such suggestion.

1. Prior to its amendments in 1963 and 1967, the California Statute of Frauds read, in pertinent part, as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

\*      \*      \*      \*      \*

"4. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged;

"5. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission;"

(Cal.Civil Code § 1624 (West 1954)).

The judgment of the trial court is reversed and the cause remanded for further proceedings.

EUBANK, P. J., and JACOBSON, J., concur.