FERRIS JONES; EMIL B. FETZER; NOLAND OSWALD; AND SARA J. MURRAY, Appellants, v. BANK OF NEVADA; SKAGGS COMPANIES, INC., a Delaware Corporation; and ALBERTSON'S, INC., a Delaware Corporation, Respondents.

No. 10698

August 14, 1980 615 P.2d 242

*Deaner, Deaner & Reynolds,* Las Vegas, for Appellants.

*Denton & Denton,* Las Vegas, for Respondent Bank of Nevada.

*Cochrane, Lehman, Nelson & Rose,* Las Vegas, for Respondents Skaggs Companies, Inc., and Albertson's, Inc.

## OPINION

*Per Curiam:*

Appellants contend in this appeal that the lower court erred by not finding an express, implied or prescriptive easement or an irrevocable license in their favor for parking purposes on respondents' land. We find no error and affirm.

The written agreement which is the subject of this action was executed in November of 1957 by Leonard Atkison, respondent's predecessor in interest, and Sidney Horman, appellant's predecessor in interest. Atkison owned a large tract of land in Clark County and agreed to sell a portion of the land to Horman with a third party, Adelson, Incorporated, to be the lessee of a market Horman would construct on the property. The record on appeal indicates that Atkison wished to develop his property as a shopping center. Paragraph 6 of the agreement provided that Atkison would not construct any buildings in excess of 50,000 square feet on his property adjoining the conveyed property for a period of twenty years. It was intended that the remainder of his property would be used by the parties as "joint parking privileges for the customers of the respective parties hereto." The agreement was not recorded until August of 1976 although the deed to Horman was recorded on February 6, 1958. Appellants requested injunctive relief when respondents erected a fence between the properties in 1976.

Appellants argued below and on appeal that this agreement gave them an express easement on respondent's land. In the alternative, appellants claim that they acquired an implied or prescriptive easement or an irrevocable license on the land retained by Atkison for purposes of parking.

We need not pause to determine whether the intent was to grant an easement or to provide appellants with a license. The lower court found respondent lessees to be purchasers for value without notice of encumbrances on their property. *See* NRS 111.320, 111.325. *See also* Commerical Bank v. Pritchard, 59 P. 130, 132 (Cal. 1899) (a lease is a conveyance); Cal. Civ. Code § 1214 (1954). As bona fide purchasers, respondents took their lease interests free of any right which appellants may have had through that instrument. Further, the record supports the trial court's finding that any use of the property by appellants during the time respondents have been in possession was a permissive use. As such, appellants could not acquire an easement by prescription. Jackson v. Hicks, 95 Nev. 826, 829, 604 P.2d 105, 106 (1979).

The remaining contentions are without merit. The judgment is affirmed.

MOWBRAY, C. J., THOMPSON, MANOUKIAN, and BATJER, JJ., and ZENOFF, SR. J.,[1] concur.